**E-Filed 4/23/2007**

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>                              Plaintiff,<br><br>          v.<br><br>MONTEREY COLLISION FRAME & BODY, INC.,<br><br>                              Defendant. | Case Number C 06-6032 JF (PVT)<br><br>ORDER[1] DENYING MOTION TO DISMISS AND GRANTING MOTION TO INTERVENE<br><br>[re: docket nos. 14, 15, 22, 28] |

    Defendant Monterey Collision Frame & Body, Inc. moves to dismiss the first amended complaint ("FAC") filed by Plaintiff Equal Employment Opportunity Commission ("EEOC"). Joseph Michael Lowe ("Lowe") moves to intervene.  For the reasons discussed below, the motion to dismiss will be denied, and the motion to intervene will be granted.[2]

**I.  BACKGROUND**

---

[1] This disposition is not designated for publication and may not be cited.

[2] Defendant requests judicial notice of a number of documents.  Because these documents do not aid the Court in resolving the instant motions, the requests will be denied.

1    This action arises from alleged incidents of sexual and racial harassment that occurred

2    while Lowe was employed by Defendant.  EEOC alleges that Defendant's paint shop foreman,

3    Phil Watzke ("Watzke"), and other employees at Defendant's San Jose location made sexually-

4    charged comments to Lowe, simulated Lowe performing sex acts, stated that Lowe was

5    homosexual, and committed other harassing actions that were intimidating, offensive, and

6    unwelcome to Lowe.  FAC ¶¶ 8-9.  Watzke and other employees also subjected Lowe to a

7    racially hostile, abusive, intimidating, and offensive work environment.  FAC ¶ 15.  Watzke and

8    other employees mimicked martial arts movements and engaged in other conduct stereotypical of

9    Lowe's Asian ethnicity.  FAC ¶ 16.  The sexual harassment and racial harassment were open and

10   notorious, and Defendant's management knew or should have known of them.  FAC ¶¶ 9, 16.

11   The conduct continued despite Defendant's knowledge of the racial and sexual harassment, and

12   no prompt and effective action was taken to end the harassment.  FAC ¶¶ 10, 17.

13   The alleged racial and sexual harassment occurred between April 10, 2004 and July 23,

14   2004.  Lowe filed his first charge with EEOC on November 23, 2004.  On November 30, 2004,

15   notice of that charge was sent to Defendant.  On December 29, 2004, a second charge was filed

16   with EEOC, amending the alleged termination date.  Notice of the charge was sent to Defendant

17   the same day.  On September 6, 2005, EEOC issued a letter of determination and invited

18   Defendant and Lowe to enter into a conciliation process.  That process failed on January 12,

19   2006.  EEOC issued a reasonable cause determination on September 6, 2006,  and it filed the

20   initial complaint in this action on September 28, 2006.  EEOC filed the FAC on January 3, 2007.

21   The FAC includes two claims: (1) sex discrimination and sexual harassment in violation of Title

22   VII of the Civil Rights Act, 42 U.S.C. § 2000e-2(a)(1); and (2) racial discrimination and racial

23   harassment in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2(a)(1).   On

24   February 1, 2007, Defendant moved to dismiss the complaint.  EEOC opposes the motion to

25   dismiss.  On February 21, 2007, Lowe moved to intervene.  Defendant opposes the motion to

26   intervene.

27

28

2

## II.  LEGAL STANDARD

1.    Motion to Dismiss

For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the Court must construe the complaint in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  Leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Department of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995).  When amendment would be futile, however, dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).  On a motion to dismiss, the Court's review is limited to the face of the complaint and matters judicially noticeable. *North Star International v. Arizona Corporation Commission*, 720 F.2d 578, 581 (9th Cir. 1983); *MGIC Indemnity Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *Beliveau v. Caras*, 873 F.Supp. 1393, 1395 (C.D. Cal. 1995).  However, under the "incorporation by reference" doctrine, the Court also may consider documents that are referenced extensively in the complaint and are accepted by all parties as authentic, even though the documents are not physically attached to the complaint. *In re Silicon Graphics, Inc. Securities Litigation*, 183 F.3d 970 (9th Cir. 1999).

2.    Motion to Intervene

"Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene . . . ." Fed. R. Civ. P. 24(a).  42 U.S.C. § 2000e-5(f)(1) provides, in part, that "[t]he person or persons aggrieved shall have the right to intervene in a civil action brought by the Commission."

## III.  DISCUSSION

1.    Motion to Dismiss

a.    Timeliness of Action

Defendant moves to dismiss the action on the ground that the EEOC has failed to prosecute the action in a timely manner.  Defendant asserts that "EEOC's failure to comply with the statutory timeline for receipt, review and response to a claim, and for the filing of an action until 684 days (almost two years) after notice was given to Monterey Collision bars its right to

3

1   now bring this action." Motion to Dismiss 2.[3] The relevant statutory sections provide as

2   follows:

3       The Commission shall make its determination on reasonable cause as promptly as
        possible and, so far as practicable, not later than one hundred and twenty days
4       from the filing of the charge . . . .

5   42 U.S.C. § 2000e-5(b).

6       If a charge filed with the Commission pursuant to subsection (b) of this section is
        dismissed by the Commission, or if within one hundred and eighty days from the
7       filing of such charge or the expiration of any period of reference under subsection
        (c) or (d) of this section, whichever is later, the Commission has not filed a civil
8       action under this section or the Attorney General has not filed a civil action in a
        case involving a government, governmental agency, or political subdivision, or
9       the Commission has not entered into a conciliation agreement to which the person
        aggrieved is a party, the Commission, or the Attorney General in a case involving
10      a government, governmental agency, or political subdivision, shall so notify the
        person aggrieved and within ninety days after the giving of such notice a civil
11      action may be brought against the respondent named in the charge (A) by the
        person claiming to be aggrieved or (B) if such charge was filed by a member of
12      the Commission, by any person whom the charge alleges was aggrieved by the
        alleged unlawful employment practice.

13

14  42 U.S.C. § 2000e-5(f)(1).

15      Defendant reads these sections as imposing mandatory 120-day and 180-day deadlines,

16  respectively, for filing a charge and filing a civil action. This reading conflicts with the plain

17  language of the statute. Section 2000e-5(b) requires a charge to be filed within one hundred and

18  twenty days "so far as practicable." Defendant cites no case interpreting this deadline as

19  mandatory, and at least one other circuit has described it as recommended, not mandatory. *See*

20  *Tuft v. McDonnell Douglass*, 517 F.2d 1301, 1307 (8th Cir. 1975) ("The use of this language 'as

21  promptly as possible and, so far as practicable' demonstrates that Congress did not set specific

22  administrative deadlines."). The 180-day period described in Section 2000e-5(f)(1) pertains to

23  the grant of a right of action to an aggrieved party; nothing in that section refers to a limitation on

24  the EEOC's own right to bring an action.

25      In short, the literal language of § 706(f)(1) [of Title VII, 42 U.S.C. § 2000e-
        5(f)(1)] simply cannot support a determination that it imposes a 180-day time
26

27
    _____
28  [3] Defendant does not challenge the timeliness of Lowe's filing of a charge of
    discrimination or EEOC's notice to Defendant of such charge.

Case No. C 06-6032 JF (PVT)
ORDER DENYING MOTION TO DISMISS AND GRANTING MOTION TO INTERVENE
(JFLC1)

1

2   limitation on EEOC enforcement suits. On the contrary, a natural reading of §
706(f)(1) can lead only to the conclusion that it simply provides that a
complainant whose charge is not dismissed or promptly settled or litigated by the
EEOC may himself bring a lawsuit, but that he must wait 180 days before doing
so. After waiting for that period, the complainant may either file a private action
within 90 days after EEOC notification or continue to leave the ultimate
resolution of his charge to the efforts of the EEOC.

3

4

5   *See Occidental Life Ins. Co. v. EEOC*, 432 U.S. 357, 361 (1977).[4]   Defendants in Title VII civil

6   actions are protected primarily by the mandatory notice at the filing of any charge.

7

8   The absence of inflexible time limitations on the bringing of lawsuits will not . . .
deprive defendants in Title VII civil actions of fundamental fairness or subject
them to the surprise and prejudice that can result from the prosecution of stale
claims.  Unlike the litigant in a private action who may first learn of the cause
against him upon service of the complaint, the Title VII defendant is alerted to the
possibility of an enforcement suit within 10 days after a charge has been filed.
This prompt notice serves, as Congress intended, to give him an opportunity to
gather and preserve evidence in anticipation of a court action.

9

10

11

12   *Id.* at 372.[5]

13   Federal courts do have the power to provide relief if "a defendant in a Title VII

14   enforcement action [is] significantly handicapped in making his defense because of an inordinate

15   EEOC delay in filing the action after exhausting its conciliation efforts." *Id.* at 373.  "Laches, an

16   equitable bar to an action on the ground of unexcused or unreasonable prejudicial delay, may be

17   used as a defense to a Title VII action." *EEOC v. Alioto Fish Co.*, 623 F.2d 86 (9th Cir. 1980).

18   In this case, the Court concludes that the delays at issue are not unreasonable.  Less than two

19   years passed between the notice of the charge and the filing of the complaint.  While it may have

20   been preferable for the EEOC to act more quickly, the cases cited by Defendant either involve a

21

22   [4]  Defendant also argues that Lowe was required by statute to bring a civil action within

23   90 days of the expiration of the EEOC's exclusive jurisdiction.  That argument does not pertain
to the EEOC's right to bring suit and it is premature to the extent that it is asserted as a basis for

24   dismissing the complaint that Lowe moves to file in intervention.

25   [5]  *See also id.* at 371 (describing discussions of statute of limitations issues in the

26   legislative history:  "The bills passed in both the House and the Senate contained short time
periods within which charges were to be filed with the EEOC and notice given to the employer.

27   And the debates and reports in both Houses made evident that the statute of limitations problem
was perceived in terms of these provisions, rather than in terms of a later limitation on the

28   EEOC's power to sue.").

5

longer period of time or are otherwise distinguishable.  *See EEOC v. Liberty Loan Corp.*, 584

F.2d 853 (8th Cir. 1978) (finding unreasonable a four year, four month period between the filing

of the charge and the filing of the complaint); *Houseton v. Nimmo*, 670 F.2d 1375 (9th Cir. 1982)

(considering a sixteen month delay of a request to consider an issue on remand equivalent to a

dismissal of that request, thus allowing district court to order relief); *EEOC v. Moore Group,

Inc.*, 416 F.Supp.1002 (N.D.Ga. 1976) (EEOC waited a year and a half after the employee's right

to sue had expired before informing employer that action was still ongoing).  The EEOC may

have bear some responsibility for delaying the investigation because it misplaced certain

documents, but its four-month conciliation effort accounts for a larger portion of the period at

issue here.  Moreover, Defendant has not demonstrated any significant prejudice resulting from

the delay.  While the notice of charges did not identify the specific nature of the allegations, it

identified the aggrieved party and allowed Defendant to store any necessary records and to

perform appropriate inquiries.  Defendant may have hoped that the claim had been abandoned,

but the eight months that elapsed between the end of the conciliation efforts and the filing of the

complaint is hardly remarkable in the context of EEOC enforcement actions.

> b.      Sufficiency of Allegations

Defendant argues that the FAC does not set forth sufficient factual allegations to support

the first claim for "Violation of Title VII of Civil Rights Act Based on Sexual Discrimination,

Sexual Harassment."  "For sexual harassment to be actionable, it must be sufficiently severe or

pervasive to alter the conditions of [the victim's] employment and create an abusive working

environment."  *Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986) (quotation marks

omitted).  Such harassment also must be unwelcome.  *Id.* at 68.  Liability attaches only "when the

employer fails to remedy a harassment of which it knows, or should know."  *Ellison v. Brady*,

924 F.2d 872, 875 (9th Cir. 1991).  EEOC alleges the following in the FAC:

> 8.  Since at least February 2004, Defendant engaged in unlawful practices of sex
> discrimination in violation of §703(a) of Title VII, 42 U.S.C. §2000e-2(a)(1) by
> subjecting Charging Party to a sexually hostile, abusive, intimidating and
> offensive work environment.  The sexual harassment was committed by
> defendant's Paint Shop Foreman, Phil Watzke, and other employee [sic] at its San
> Jose location.
> 9.  The conduct included, inter alia, Watzke and the others making sexually

6

1    charged comments to Michael Lowe on a regular basis, making loud noises and
     sounds at Mr. Lowe that simulated Mr. Lowe engaging in sex acts, teasing Mr.
2    Lowe that he was homosexual and wanted to have sex with a male co-worker,
     stating to other employees that Mr. Lowe was masturbating in an office and
3    stating that Mr. Lowe may "have a wood," a term used to describe an erection.
     The sexual harassment was intimidating, offensive and unwelcome to Mr. Lowe.
4    The sexual harassment was open and notorious and Defendant's management
     knew or should have known of the harassment.
5    10.  Despite Defendant's knowledge of the sexual harassment, the conduct
     continued and no prompt or effective action was taken to end the harassment.
6    11.  The effect of the actions complained of in paragraphs 8 through 10 above has
     been to deprive Charging Party of equal employment opportunities and otherwise
7    adversely affect his status as an employee because of his sex, male.

8    FAC ¶¶ 8-11.  The Court concludes that the alleged facts, if proved, would provide a basis for

9    relief under Title VII and that the complaint provides notice to Defendant of the charges and

10   allows it to prepare a defense.  The Federal Rules of Civil Procedure do not require further

11   factual allegations regarding the frequency of the comments, the identity of the other employees

12   who participated in the challenged actions, or the exact reason why Defendant should have

13   known of the actions.  *C.f.* Fed. R. Civ. P. 8.

14        Defendant also attacks the sufficiency of the allegations regarding racial harassment and

15   racial discrimination.  As in an action alleging a hostile work environment due to sex harassment,

16   a plaintiff in a racial harassment and discrimination action "must show: (1) that he was subjected

17   to verbal or physical conduct of a racial [] nature; (2) that the conduct was unwelcome; and (3)

18   that the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's

19   employment and create an abusive work environment."  *Vasquez v. County of Los Angeles*,

20   349 F.3d 634, 642 (9th Cir. 2003) (stating that the elements of racial and sexual harassment are

21   the same).  EEOC alleges the following in the FAC:

22        15.  Since at least February 2004, Defendant engaged in unlawful employment
          practices in violation of §703(a) of Title VII, 42 U.S.C. §2000e-2(a)(1) by
23        subjecting Charging Party to a racially hostile, abusive, intimidating and offensive
          work environment.  The racial harassment was committed by Defendant's Paint
24        Shop Foreman, Phil Watzke and other employees at Defendant's San Jose
          location.
25        16.  The conduct included, inter alia, Watzke and the others making stereotypical
          and racially charged comments to Michael Lowe and repeatedly referring to him
26        as "Bruce Lee", and Asian martial artist, even though Bruce Lee is not his name,
          asking employees how much Mr. Lowe was charging them for kung fu lessons,
27        even though he is not a martial artist and mimicking martial arts movments in a
          stereotypical fashion in front of Michael Lowe.  The racial harassment was
28        intimidating, offensive and unwelcome to Mr. Lowe.  The racial harassment was

7

1    open and notorious and Defendant's management knew or should have known of
     the harassment.
2    17. Despite Defendant's knowledge of the racial harassment, the conduct
     continued and no prompt or effective action was taken to end the harassment.
3    18. The effect of the action complained of in paragraphs 15 through 17 above has
     been to deprive Charging Party of equal employment opportunities and otherwise
4    adversely affect his status as an employee because of his race, Asian.

5    FAC 15-18. The Court concludes that these allegations, if proved, would provide a basis for

6    relief under Title VII and are sufficient to give Defendant notice of the charges against it. Rule 8

7    does not require further factual allegations pertaining to when the challenged events occurred or

8    the identity of the participants in the challenged conduct.

9    2.       Motion to Intervene

10           Defendant opposes Lowe's motion for leave to intervene on the basis that it is untimely.

11   Lowe filed his motion within five months of the filing of the initial complaint and within six

12   weeks of the filing of the FAC.  No substantive motion practice has occurred in this action to

13   date, and Defendant does not explain how intervention will prejudice or delay unduly the

14   adjudication of the rights of the original parties.  Accordingly, the motion to intervene will be

15   granted.  Lowe may file his proposed complaint within seven days of the date of this order.  The

16   Court expresses no opinion as to the timeliness or appropriateness of Lowe's state law claims or

17   as to any other arguments pertaining to the legal sufficiency of that pleading.

18                                         **IV.  ORDER**

19           Good cause therefor appearing, IT IS HEREBY ORDERED that:

20               (1) The motion to dismiss is DENIED.

21               (2) The motion to intervene is GRANTED.

22

23   DATED: April 23, 2007.

24

25

26                                         _____
                                           JEREMY FOGEL
27                                         United States District Judge

28

                                              8

1   This Order has been served upon the following persons:

2   Kara L. Erdodi              kara.erdodi@berliner.com, jwillson@berliner.com

3   Sanya P. Hill Maxion        sanya.hill@eeoc.gov

4   Christine H. Long           christine.long@berliner.com, cathy.sandifer@berliner.com

5   Reg J. Lormon               reg@lormonlaw.com

6   Jonathan T. Peck            Jonathan.Peck@eeoc.gov

7   William Robert Tamayo       william.tamayo@eeoc.gov, pat.tickler@eeoc.gov

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 06-6032 JF (PVT)
ORDER DENYING MOTION TO DISMISS AND GRANTING MOTION TO INTERVENE
(JFLC1)