1  WILLIAM R. TAMAYO - #084965 (CA)
   JONATHAN T. PECK - #12303 (VA)
2  SANYA P. HILL MAXION - #18739 (WA)
   EQUAL EMPLOYMENT OPPORTUNITY
3  COMMISSION
   SAN FRANCISCO DISTRICT OFFICE
4  350 THE EMBARCADERO, SUITE 500
   SAN FRANCISCO, CALIFORNIA 95105
5  TELEPHONE: (415) 625-5651
   FACSIMILE: (415) 625-5657
6      ATTORNEYS FOR PLAINTIFF

7  REG J. LORMON, SBN NO. 46921
   CHRISTINE M. DEKLOTZ, SBN NO. 169370
8  LAW OFFICE OF REG LORMON
   236 LOS GATOS BLVD.
9  LOS GATOS, CALIFORNIA 95030
   TELEPHONE: (408) 354-6100
10 FACSIMILE: (408) 354-8200
       ATTORNEYS FOR PLAINTIFF-INTERVENER
11
   ROBERTA S. HAYASHI, CA STATE BAR NO. 105141
12 CHRISTINE H. LONG, CA STATE BAR NO. 199676
   KARA L. ERDODI, CA STATE BAR NO. 221093
13 BERLINER COHEN
   TEN ALMADEN BOULEVARD
14 ELEVENTH FLOOR
   SAN JOSE, CALIFORNIA 95113-2233
15 TELEPHONE: (408) 286-5800
   FACSIMILE: (408) 998-5388
16 roberta.hayashi@berliner.com
   christine.long@berliner.com
17 kara.erdodi@berliner.com
       ATTORNEYS FOR DEFENDANT
18

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>   Plaintiff,<br><br>JOSEPH MICHAEL LOWE,<br><br>   Plaintiff-Intervener<br><br>  v.<br><br>MONTEREY COLLISION FRAME AND AUTO BODY, INC.,<br><br>   Defendant. | Civil Action No. Civ. C-06-6032-JF<br><br>CONSENT DECREE |

### I. INTRODUCTION

1. Plaintiff, EEOC, filed this action on September 28, 2006 alleging that defendant, Monterey Collision Frame and Auto Body, Inc., ("Defendant" or "Monterey Collision") subjected Joseph Michael Lowe to a racially and sexually hostile work environment based on his race (Asian) and sex.

2. Mr. Lowe was granted intervention on April 20, 2007. This case was settled before Mr. Lowe filed his Complaint-in-Intervention.

3. The EEOC, Intervener and Defendant want to conclude fully and finally all claims arising out of the above action without the expenditure of further resources and expenses in contested litigation. They enter into this Consent Decree to further the objectives of equal employment opportunity as set forth in Title VII.

### II. NON-ADMISSION OF LIABILITY

1. This Consent Decree is not an adjudication or finding on the merits of this case and shall not be construed as an admission of a violation by Defendant.

### III. PURPOSE OF THE DECREE

1. The parties have entered into this Consent Decree in order to achieve the following purposes:

   a. To insure the implementation of policies and procedures which prohibit Defendant from discriminating or retaliating against employees on the basis of race and sex.

   b. To insure that Defendant implements a policy and enforcement program to effectively prevent discrimination based upon race and sex.

   c. To insure that the aggrieved individual is fully compensated for damages suffered in connection with the alleged discrimination by Defendant.

   d. To avoid the time, expense and uncertainty of further litigation.

### IV. GENERAL PROVISIONS

1. This Consent Decree is intended to and does effectuate the full, final, and complete resolution of all allegations of unlawful employment practices and discrimination arising from or relating to the original discrimination charge of discrimination, EEOC Charge

1  Number 377-2005-00119 and the Complaint filed in EEOC v. Monterey Collision Frame and Auto Body, Inc., Civil No.C-06-6032-JF pursuant to Title VII of the Civil Rights Act of 1964.

2. This Consent Decree in no way affects EEOC's right to process, in accordance with standard Commission procedures, charges filed by individuals against Defendant alleging violations of Federal employment discrimination statutes. Charges include those pending as of the effective date of this Consent Decree and filed in the future. Processing includes the administrative investigation and conciliation and commencement of civil actions on the basis of such charges.

3. This Court has jurisdiction over the subject matter and the parties to this action.

4. This Consent Decree constitutes a full resolution of EEOC's Complaint, the Intervener's claims and the underlying charge of discrimination filed with the EEOC.

5. This Consent Decree shall become effective upon its entry by the Court.

6. Each party shall bear its own costs and attorney fees.

7. The Court has reviewed the terms of this Consent Decree in light of the pleadings, the record herein, and the applicable law, and now approves the Consent Decree in its entirety.

### V. MONETARY RELIEF & RELATED RELIEF

1. In settlement of the claims for employment discrimination alleged in the Complaint and Intervener's Proposed Complaint or related to this lawsuit, Defendant agrees to pay the gross sum of $ 45, 000.00 (Forty-five thousand) to Mr. Lowe.

2. Payment to Mr. Lowe shall be made in equal monthly installments over nine months. The payments will be made to Mr. Lowe's attorney, Reg Lormon, in trust for Mr. Lowe. The payments will be due on the first day of each month, beginning the month after the parties sign the Consent Decree and it is entered as a judgment by the Court.

3. Should Monterey Collision fail to make a required payment by the 10th of any month that said payments are due, then the entire settlement amount will be accelerated. Monterey Collision stipulates that Mr. Lowe and/or EEOC may enter judgment for the remaining balance with a credit for any amounts then paid. As further security for its payment obligations, Monterey Collision will provide Mr. Lowe with an executed Security Agreement, lien, and

1  U.C.C. Financing Statement on its equipment, as reflected in Exhibit A, which Mr. Lormon will
2  hold, and not record or file or otherwise employ, unless and until Monterey Collision fails to
3  make any of its required payment by the 10th of any month said payments are due. Prior to the
4  recording of the equipment lien or exercising any of Mr. Lowe's rights, under or through it or
5  entry of judgment by reason of a missed payment, Mr. Lowe and/or EEOC agree to provide
6  Monterey Collision's counsel with written notice and forty-eight (48) hours to cure the defaulted
7  payment. Any subsequent exercise of Mr. Lowe's rights to enforce Monterey Collision's
8  payment obligation to him through the security equipment lien and U.C.C. Financing Statement,
9  this Paragraph V Order and/or Judgment are cumulative and not exclusive until Monterey
10 Collision's monetary obligation to him set forth herein is fully satisfied.

11    4.    Monterey Collision, on behalf of itself, its officers, shareholders, directors,
12 trustees and agents, agrees that, effective April 30, 2007, it will not further encumber any of its
13 equipment to which the lien attaches until the monetary obligation set forth in this agreement is
14 paid in full.

15    5.    The monetary relief shall be issued in checks drafted to Mr. Lowe's attorney, Reg
16 Lormon, in trust for Mr. Lowe, and delivered to Mr. Lormon by Federal Express. Defendant
17 shall make all payments called for herein in the form of a business check, cashier's check, or
18 certified check. Defendant also will issue an IRS Form 1099 for the check issued pursuant to
19 this paragraph.

20        a.    Defendant will mail the copies of each payment to Sanya Hill Maxion,
21 Senior Trial Attorney for the EEOC, at 350 The Embarcadero, San Francisco, CA 94105.
22 Defendant shall also mail to Sanya Hill Maxion a copy of the IRS Form 1099 in accordance with
23 Federal law.

### VI. GENERAL INJUNCTIVE RELIEF

25    1.    Discriminatory Harassment: Consistent with Section 703 of Title VII, 42 U.S.C.
26 §2000e-2, Defendant, its officers, agents, managers (including supervisory employees),
27 successors and assigns, and all those in active concert or participation with them, shall comply
28 with all requirements of Title VII with respect to providing a work environment free from

discrimination on the basis of race and sex free from any action, policy or practice that is intended to or known to them to have the effect of harassing or intimidating any employees on the basis of race or creating, facilitating or permitting the existence of a work environment that is hostile to employees based on their protected status.

2. Retaliation: Consistent with Section 704 of Title VII, 42 U.S.C. §2000e-3, Defendant, its officers, agents, managers (including supervisory employees), successors or assigns, and all those in active concert or participation with them, are enjoined from engaging in, implementing or permitting any action, policy or practice with the purpose of retaliating against any of the Claimants or any person who was identified as a possible claimant or witness in this action because they opposed any practice of harassment or other discriminatory acts on the basis of race made unlawful under Title VII, filed a Charge of Discrimination alleging any such practice, or testified or participated in any manner in any investigation (including, without limitation, any internal investigation undertaken by Defendant), proceeding or hearing in connection with this case.

## VII. SPECIFIC INJUNCTIVE RELIEF

1. Defendant will incorporate the following "Statement of Zero-Tolerance Policy and Equality Objectives" in its EEO and Harassment Policy:

> Defendant is firmly committed to maintaining a zero-tolerance policy concerning discriminatory harassment and retaliation against individuals who report harassment in the company's workplace; to swiftly and firmly responding to any acts of harassment and retaliation of which the company becomes aware; to implementing a disciplinary system that is designed to strongly deter future acts of harassment or retaliation; and to actively monitoring its workplace in order to ensure tolerance, respect and dignity for all people.

2. In order to accomplish the objectives embodied in the Statement of Zero-Tolerance Policy and Equality Objectives and this Consent Decree, Defendant shall further develop and implement the following policies, procedures and practices:

***EEO and Harassment Policies***

    a. Defendant agrees that to the extent necessary it shall issue a separate policy or modify its existing EEO & harassment policies, within forty-five (45) days of signing the Consent Decree, such that the policies: (i) include definitions of discriminatory harassment, with specific reference to harassment based on race and sex (ii) include examples to supplement the definitions of harassment based on race and sex; (iii) provide for substantial discipline and/or corrective action for incidents of discriminatory harassment; (iv) include strong non-retaliation language with examples to supplement the definition of retaliation, (v) provide for substantial discipline for incidents of retaliation; (vi) provide that complaints of harassment and/or retaliation will be accepted irrespective of whether they are made verbally or in writing; (vii) explain that Defendant will conduct a prompt and thorough investigation after a complaint is made or received and will take remedial action upon conclusion of an investigation; and (viii) indicate that, promptly upon the conclusion of the investigation of a complaint, Defendant will communicate to the complaining party the results of the investigation and the remedial actions taken or proposed, if any.

    b. Defendant shall effectively disseminate its revised policies and procedures by:

        i. Distributing copies to all current employees within 10 days of its adoption;

        ii.    Giving a copy of the policy to and reviewing the policy with all new employees upon the employees' hire.

    c.    Defendant will submit a copy of the revised EEO and harassment policies to EEOC at the same time it submits its report on the completion of training as described below in Section IX.

***Complaint Procedures:***

    d.    Defendant shall develop or revise its complaint policies and procedure to the extent necessary, such that they are designed to encourage employees to come forward with complaints about violations of its harassment policy without fear of retaliation. As part of the policy, Defendant shall provide its employees with convenient, confidential and reliable mechanisms for reporting incidents of harassment and retaliation. Defendant's complaint procedure and harassment policy shall notify employees that they can lodge a complaint with their immediate supervisor and the Defendant's owner Rob Snow and shall provide the name and telephone numbers for those contact persons. Contact information for managers and owner Rob Snow also shall be continuously posted in a prominent place at all of Defendant's business locations.

    e.    Defendant will submit a copy of the complaint procedures to the EEOC at the same time it submits its certification of completion of training as required by Section IX.

***Supervisor Accountability.***

    f.    Defendant agrees that it shall impose substantial discipline – up to and including termination, suspension without pay or demotion – upon any supervisor or manager who Defendant determines has engaged in harassment or has knowingly permitted

CIVIL ACTION NO. CIV. C-06-6032-JF    -7-    CONSENT DECREE

\CHL\729508.2
080607-08032002

any such conduct to occur in his or her work area or among employees under his or her supervision, or who Defendant determines has retaliated against any person who complains or participates in any investigation or proceeding concerning any such harassment.

g.   Defendant shall communicate this policy to all current supervisors and managers when it disseminates its revised EEO and harassment policies or no later than 30 days after entry of this Decree if the policy does not require revision.

h.   Defendant shall communicate this policy to all other supervisors and managers at the time they are hired or promoted to supervisor/manager and subsequently, on an annual basis.

i.   Defendant shall advise all managers and supervisors of their duty to actively monitor their work areas to ensure employee compliance with the harassment policy, and to report any incidents and/or complaints of harassment and/or retaliation of which they become aware to the Director of Human Resources.

***Harassment Training***

j.   During the term of this Consent Decree, Defendant will present to its employees, including managers and supervisors, one two (2) hour mandatory anti-harassment training, introduced and supported by its owner, Robert Snow, covering prevention of harassment and the issues covered by the policy described in Section 2(a) above.

   i.   The training shall be developed and presented by an outside professional, i.e. someone who is not employed by Defendant, who is knowledgeable about Title VII and discriminatory harassment and who has the background,

skill and ability to educate Defendant's employees about the issue of discriminatory harassment in the workplace. The training will include examples of the types of remarks and behavior that will not be tolerated in Defendant's business location. The training will further inform each participant that he or she is responsible for knowing and complying with the contents of Defendant's EEO and harassment policies and procedures.

ii. Supervisors and/or managers who will assume responsibility for enforcing Defendant's EEO and harassment policies upon expiration of the Consent Decree shall also receive training on appropriate techniques for documenting and investigating complaints of harassment. The training on investigative techniques can be included as a component of the mandatory discriminatory harassment training.

k. The cost of the training described in paragraph j, above, shall be borne by Defendant.

l. Following the training session, all participants shall be given a questionnaire through which they will be asked to critique the training and to provide suggestions to improve future training.

m. Defendant will retain records of the training programs, copies of any materials distributed during the training and lists documenting the dates on which it held the training and identifying the persons who attended and those who did not attend. Defendant will provide a copy of these records, the training materials and the completed post-training questionnaires to the Commission within thirty (30) days of completion of the training.

## VIII. EMPLOYMENT REFERENCES

1. Defendant shall not disclose any information or make references to any charges of discrimination or this lawsuit in responding to employment reference requests for information about Joseph Michael Lowe. Defendant will provide only neutral references in response to inquiries from prospective employers of Joseph Michael Lowe providing only inclusive dates of employment, job title and salary. However, in order for this provision to apply, Joseph Michael Lowe must direct all persons seeking references to Defendant's owner, Rob Snow.

## IX. REPORTING

1. Six months after entry of the decree and again every six months thereafter, Defendant will submit reports to the EEOC summarizing any complaints of racial and sexual harassment received by Defendant during the preceding six-month period. The reports will include the identities of the complainant(s) unless the complainant requests confidentiality and the alleged harasser(s), a summary of action taken in response to the complaint and the resolution of any such complaint. In cases where the complainant has requested confidentiality, Defendant may refer to the complainant by a unique numerical identifier, but shall include all information (i.e. identity of the alleged harasser, summary of action taken and resolution of complaint) in the report to the Commission. Defendant will attach copies of the corresponding written records.

2. Within thirty (30) days after completion of the anti-harassment training described in Section VII (j) above, Defendant will send the EEOC appropriate verification of its completion of harassment training for its employees and copies of the post-training questionnaires.

3. Defendant shall submit a final report to the EEOC thirty (30) days before the Consent Decree expires containing a statement verifying its compliance with the terms of the Consent Decree.

## X. RETENTION OF JURISDICTION AND EXPIRATION OF CONSENT DECREE

1. This Consent Decree shall terminate three years (3 years) from the date of entry by the court, unless EEOC petitions this court for an extension of the Decree because of noncompliance by Defendant. If EEOC determines that Defendant has not complied with the

1  Consent Decree, EEOC will provide written notification of the alleged breach to Defendant and
2  will not petition the court for enforcement sooner than thirty (30) days after providing written
3  notification. The thirty-day period following written notice shall be used by the parties for good
4  faith efforts to resolve the issue. If EEOC petitions the court and the court finds Defendant to be
5  in substantial violation of the terms of the Decree, the court may extend this Consent Decree.

6      2.    This Court shall retain jurisdiction over this action for the purposes of enforcing
7  the provisions of this Consent Decree. This Consent Decree shall expire by its own terms at the
8  end of three (3) years without further action by the parties.

9  RESPECTFULLY SUBMITTED,

DATED: 8/23, 2007

_____
WILLIAM TAMAYO, REGIONAL ATTORNEY
U. S. EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

DATED: 8/23, 2007

_____
JONATHAN PECK, SUPERVISORY TRIAL ATTORNEY
U. S. EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

DATED: 8/23, 2007

_____
SANYA HILL MAXION, SENIOR TRIAL ATTORNEY,
U. S. EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

DATED: 8/21/2007

_____
REG LORMON
LAW OFFICES OF REG LORMON
ATTORNEY FOR PLAINTIFF-INTERVENOR

DATED: 8/17, 2007

_____
CHRISTINE LONG
BERLINER COHEN
ATTORNEY FOR DEFENDANT

Case 5:06-cv-06032-JF   Document 39   Filed 08/29/07   Page 12 of 16

1  APPROVED AND SO ORDERED:
   8/28/07

   _____
   U.S. DISTRICT JUDGE JEREMY FOGEL

CIVIL ACTION NO. CIV. C-06-6032-JF

-12-
CONSENT DECREE

\CHL\729508.2
080607-08032002

**EXHIBIT A**
[Security Agreement and UCC Financing Statement]

08/17/2007 10:35 FAX 4085382577  BerlinerCohen  ☒003/005

08/15/2007 11:08  4083548002  REGLORMON  PAGE 03

## SECURITY AGREEMNT
### (PERSONAL PROPERTY)

THIS SECURITY AGREEMENT is made this **Fourteenth day of June, 2007**

by and between Monterey Collision Frame and Body, Inc., of 2871 Monterey Road, San Jose, CA 95111, County of Santa Clara, State of California, (hereinafter "Debtor") and Joseph Michael Lowe of County of Santa Clara, State of California, (hereinafter "Secured Party").

WITNESSETH; That Debtor hereby grants to Secured Party a security interest in all that certain personal property hereinafter to be referred to as "Security" situated and described as follows:

Nova Verta K40 Prestige Spray Booth, Serial #PB980303, which is on the premises of Debtor Monterey Collision Frame & Body, Inc., all additions, replacements attachments and accessions, including insurance settlements or proceeds relating or concerning this piece of equipment and any replacement thereof, in which Debtor now or hereafter has an interest and which it is currently located at 2871 Monterey Road, San Jose, CA 95111, and given as security for payment of $ 45,000 to Secured Party, according to the terms and conditions contained in said Consent Decree ("Decree") entered in the lawsuit entitled EEOC/Lowe vs. Monterey Collision Frame & Body, Inc., filed in the United States District Court, Northern District of California, Case No. C-06-6032-JF.

Debtor shall keep the security in good condition and repair, and shall not remove, nor permit to be removed any part of the Security from the above premises without the prior written consent of secured party, first had and obtained and shall provide, maintain and deliver to secured party satisfactory insurance policies covering said property in amounts and with insurance companies satisfactory to secured party, with loss payable, if any, payable to secured party, as secured party's interest may appear.

Debtor hereby declares and warrants to secured party that debtor is the absolute and sole owner, and is in possession of all of the Security, and that the same is free and clear of all liens, encumbrances, adverse claims, and any other security interests.

If Debtor defaults in the payment terms and conditions as provided in said Decree at the time and in the manner therein specified, or if any breach be made of any obligation, promise or warranty of debtor herein contained or secured hereby, then the whole sum unpaid, with accrued interest thereon, shall immediately become due and payable without notice at the option of secured party, and secured party may at once proceed to enforce secured party's security interest according to law; or secured party may, at secured party's option, permission for which is hereby granted, enter upon the premises where security may be and take possession thereof, or remove, sell, lease or otherwise dispose of same, and from the proceeds of sale retain all costs and charges incurred by him in the taking or sale of said property, including reasonable attorney's fees thereby incurred; take all sums due him under said Decree, including reasonable attorney's fees and any surplus of such proceeds remaining shall be paid according to law. The foregoing is without limitation to or waiver of any other rights or remedies of secured party according to law.

It is further agreed, subject to applicable law, that upon any sale of the Security according to law, or under the power herein given, that secured party may bid at said sale, or purchase the security, or any part thereof at said sale.

p. 3

AUG-17-2007 11:08 AM

08/15/2007  11:08   4083548002                REGLORMON                      PAGE  04

IN WITNESS WHEREOF, secured party and Debtor have executed this instrument.

DEBTOR:                                    SECURED PARTY:

MONTEREY COLLISION FRAME &
BODY, INC.

By: ROB SNOW                               JOSEPH MICHAEL LOWE
Title: Owner

08/17/2007 10:31 FAX 4083502577        berlinercohen                    ☒ 005/005

08/15/2007  11:08   4083548062            REG LORMON                          PAGE  05

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY
A. NAME & PHONE OF CONTACT AT FILER [optional]
REG J. LORMON (408) 354-6100
B. SEND ACKNOWLEDGMENT TO: (Name and Address)

    LAW OFFICES OF REG J. LORMON
    255 Los Gatos Blvd.
    Los Gatos, CA 95030

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names
   1a. ORGANIZATION'S NAME: Monterey Collision Frame and Body, Inc.
   OR 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX
   1c. MAILING ADDRESS: 2671 Monterey Road | CITY: San Jose | STATE: CA | POSTAL CODE: 95111 | COUNTRY: US
   1d. TAX ID #: 77-2876071  | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION: Corporation | 1f. JURISDICTION OF ORGANIZATION: California | 1g. ORGANIZATIONAL ID #: C1685342 | ☐ NONE

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME...
   (blank)

3. SECURED PARTY'S NAME...
   3b. INDIVIDUAL'S LAST NAME: Lowe | FIRST NAME: Joseph Michael
   3c. MAILING ADDRESS: c/o Reg Lormon, 255 Los Gatos Blvd. | CITY: Los Gatos | STATE: CA | POSTAL CODE: 95030 | COUNTRY: US

4. This FINANCING STATEMENT covers the following collateral:
Nova Verta K40 Prestige Spray Booth, Serial #PB260303, which is on the premises of Debtor Monterey Collision Frame & Body, Inc. located at 2671 Monterey Road, San Jose, CA.

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 07/29/98)

AUG-17-2007 11:09 AM                                                P. 5